## Miranville *versus* Silverthorn.

1. That for seven years before the trial, the land, with plaintiff's consent, was assessed to defendant, and that the plaintiff acknowledged that he had given possession to the defendant, is sufficient to justify the jury in finding that the possession of the land was delivered in pursuance of the contract, and to take the case out of the Statute of Frauds and Perjuries.

ERROR to the Court of Common Pleas of *Erie county.*

Ejectment for five acres of land in Coneaut township, Erie county. Plea " not guilty," and verdict for defendant. On the trial, the plaintiff showed title in the land. The land in controversy was claimed to be on the north end of land before conveyed by plaintiff to defendant. It had never been cleared and cultivated. Sugar maples on it had been tapped, and the sap boiled at another place for several years, by permission from the plaintiff.

The defendant set up a parol sale by plaintiff to one William Paul, in April, 1842, in consideration that Paul was to build him

[Miranville *v.* Silverthorn.]

a barn and pay him $10. This bargain was not made on the premises, but at a neighbor's, near by. The witness to the bargain, (Samuel H. Paul,) says "the five acres was to be out of the northeast corner of plaintiff's land, forty rods east and west, and twenty rods north and south." Paul proceeded to the work on the barn, but never entirely finished it. The payment of the $10 was not proved. It did not appear from the evidence, that plaintiff ever gave Paul possession of the premises, nor that he ever occupied them, except that one witness proved that Paul made sugar-troughs on the land, and said it was his. He says that he never had possession of the land, and was not to have until the barn was finished, and that he never finished it. Defendant claimed that Paul had purchased the land from plaintiff by parol, but at what time did not appear. Defendant proved himself in possession in 1842; that the land was assessed to him by plaintiff's consent seven years before the trial, and that plaintiff said at one time that he had given him possession. Defendant requested the court to charge the jury, that there was not sufficient evidence " of a contract and possession delivered in pursuance thereof, to take the case out of the Statute of Frauds and Perjuries."

The court answered, that if the evidence was believed, it was sufficient to take the case out of the statute; which answer was assigned for error.

*Woodruff* and *Thompson & Grant*, for plaintiff in error, referred to *Poorman* v. *Kilgore*, 2 Casey, 365; 9 W. & S. 49; 1 H. 21; 7 Watts, 461, 471; *Woods* v. *Farmere*, 10 Watts, 195; *Moore* v. *Smalt*, 7 H. 461.

*Cutler* and *Church*, for defendant in error, referred to *M'Gill* v. *Ash*, 7 Barr, 398; *Neiman* v. *Ward*, 1 W. & S. 82; *Inman* v. *Kutz*, 10 W. 101.

The opinion of the court was delivered by

LOWRIE, J.—We think that there was sufficient evidence of the agreement to convey this particular five acres of land to Paul, and of his transfer of his right to Silverthorn. If the possession was delivered in pursuance of the contract, in such way as to pass an equitable title, and any portion of the construction remained unperformed, the plaintiff had a right to a conditional verdict to enforce the performance. But there was only a very insignificant part alleged to be unperformed, and as performance was offered and refused, it seems very appropriate that the plaintiff should not ask for a conditional verdict.

We had at first some difficulty in the sufficiency of the evidence of delivery: but we find the vendee now in possession, with evi-

dence that he has had it enclosed with his own land, and he has had the exclusive use of it for ten years; that the fence was put up with the plaintiff's leave given, after having aided in marking out the lines; that for seven years before the trial, the land with the plaintiff's consent was assessed to the defendant, and that the plaintiff acknowledged that he had given him the possession; and this we think was sufficient evidence to justify in finding that the possession of the land was delivered in pursuance of the contract, and to bind the plaintiff by such delivery, especially after the lapse of time appears to have barred the defendant's right to sue for the work done in consideration for the land.

Judgment affirmed.